Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50387 | **DATE** | 11/24/2003 |
| **CASE TITLE** | Whitfield vs. IDOC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court denies plaintiff's motion for preliminary injunction.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | |
|---|---|
| ☐ No notices required, advised in open court. | |
| ☐ No notices required. | number of notices |
| ✓ Notices mailed by judge's staff. | |
| ☐ Notified counsel by telephone. | NOV 25 2003 date docketed |
| ☐ Docketing to mail notices. | |
| ☐ Mail AO 450 form. | docketing deputy initials |
| ☐ Copy to judge/magistrate judge. | 11-25-03 date mailed notice |
| LC courtroom deputy's initials | 03 NOV 25 PM 2:10 |
| | Date/time received in central Clerk's Office / mailing deputy initials |

Document Number: 50

# MEMORANDUM OPINION AND ORDER

Plaintiff, Benyehudah Whitfield, an inmate at the Dixon Correctional Center, filed a pro se complaint against numerous defendants employed by the Illinois Department of Corrections complaining that he is being denied his First Amendment right to practice his religion, including a special diet that does not contain certain unidentified foods. He has also filed a motion for a preliminary injunction that seeks to enjoin defendants from denying him his right to practice his religion by "denying [his] request for a religious diet, and attending Jewish Services and observing hollidays." In an affidavit attached to his motion for a preliminary injunction, plaintiff states that the "infringement of [his] right to practice [his] religion will continue to exacerbate [his] illness and continue to cause [him] to lose weight, due to lack of food or nutrition." Defendants, some of whom have not yet been served, have not responded to the motion for preliminary injunction.

A party seeking a preliminary injunction must demonstrate that: (1) the moving party has a reasonable likelihood of success on the merits; (2) no adequate remedy at law exists; (3) the moving party will suffer irreparable harm without injunctive relief; (4) the irreparable harm suffered without injunctive relief outweighs the irreparable harm that defendant will suffer if the injunction is granted; and (5) the injunction will not harm the public interest. Rust Environment & Infrastructure, Inc. v. Teunissen, 131 F. 3d 1210, 1213 (7th Cir. 1997).

In this case, plaintiff has not identified in either his motion or his affidavit any irreparable harm that he will suffer if a preliminary injunction is not issued. Generalized assertions of weight loss and exacerbation of his depression are insufficient to show, without more, irreparable harm. Thus, the court denies plaintiff's motion for preliminary injunction.