# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 50387 | DATE | 8/3/2004 |
| CASE TITLE | Whitfield vs. IDOC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court grants defendants' motion to dismiss in part and denies it in part.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | 8-5-04 date docketed | 80 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 8-4-04 date mailed notice | |
| | Copy to judge/magistrate judge. | | |
| LC courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Benyehudah Whitfield, a prisoner at Pontiac Correctional Center, filed a *pro se* complaint against multiple defendants employed by the Illinois Department of Corrections claiming that his First, Eighth and Fourteenth Amendment rights were violated while he was incarcerated at the Pinckneyville and Dixon Correctional Centers. Plaintiff filed his second amended complaint seeking relief on four counts. Defendants filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss various counts and defendants from this action. Plaintiff responded to the motion to dismiss.

The court will dismiss a complaint under Rule 12(b)(6) only if the plaintiff can prove no set of facts consistent with his allegations, which would entitle him to relief. See Hishon v. King and Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The plaintiff's factual allegations and any inferences reasonably drawn therefrom shall be examined in the light most favorable to the plaintiff. The court shall accept as true the factual allegations of the complaint and draw all reasonable inferences in favor of the plaintiff. Chaney v. Suburban Bus Div. Of Regional Transp. Auth., 52 F.3d 623, 626-627 (7th Cir. 1995).

Defendants move to dismiss Count 2 (Right of Access to the Courts) arguing that plaintiff has shown no actual injury and by his allegations has pleaded himself out of court. The factual allegations which plaintiff argues in support of his right of access claim relate to the May 21, 2002 hearing at Dixon during which he alleges that he was ordered by defendant Henry to stop pursuing his grievances and to withhold filing a complaint. To state a right of access claim, plaintiff must make specific allegations that as a result of the defendants' alleged conduct, he suffered prejudice such as missed court deadlines, failure to make timely filings or dismissal of legitimate claims. Ortloff v. United States, 335 F.3d 652, 656 (7th Cir. 2003). Plaintiff must allege that he had a non-frivolous legal claim that was frustrated or impeded by the failure of the prison officials to assist him in the preparation and filing of meaningful legal papers and that he suffered some quantum of detriment as a result. Lehn v. Holmes, 364 F.3d 862, 868 (7th Cir. 2004). The basis of plaintiff's access to court claim rests upon the hearing he had with defendant Henry and Weiner. Plaintiff alleges that he was told by defendant Henry that he would receive a religious diet. Plaintiff also alleges that he was ordered by defendant Henry to stop pursuing his complaints, and that if he did not stop, he would be transferred back to Pinckneyville. Plaintiff then proceeds to state that he disobeyed defendant Henry's order by filing a complaint thereby effectively pleading himself out of court on this claim. Plaintiff fails to allege that he suffered any prejudice or that his legal claims were in any way frustrated or impeded by any of the defendants. This court holds that Plaintiff has not stated a claim of right of access to the courts.

Plaintiff also alleges retaliation in Count 2. Plaintiff claims that he was told by defendants Henry and Weiner that he would receive a religious diet, and then was denied the diet because he continued to pursue the grievances he had filed. Retaliation claims are not subject to any requirement of heightened pleading. Walker v. Thompson, 288 F.3d 1005, 1011 (7th Cir. 2002). Plaintiff's simple allegation that he was denied his religious diet because he continued to pursue his claims survives dismissal because there are sufficient facts to permit the court and defendants to "understand the gravamen of the plaintiff's complaint." Id. Finally, plaintiff alleges that another inmate was receiving the religious diet even though this inmate had not verified his religion as an African Hebrew Israelite. This allegation provides no basis for claim in retaliation. It may possibly be construed as a claim of equal protection. However, a claim of equal protection against a prison administrative decision can succeed only if the plaintiff can show that "state officials had purposefully and intentionally discriminated against him." Shango v. Jurich, 681 F.2d 1091, 1104 (7th Cir. 1982). Therefore, this court holds that plaintiff has sufficiently stated enough facts of retaliation to withstand defendants' motion to dismiss Count 2 in that regard.

Plaintiff alleges a violation of his Eighth Amendment rights under Count 3. Plaintiff alleges that he was denied a religious diet, lost weight due to a self-imposed hunger strike and was not provided with a standard mattress. Plaintiff argues that these circumstances inflicted cruel and unusual punishment on him. The Eighth Amendment is violated by a prison official only when the act/omission is (1) "sufficiently serious" and results in the denial of "the minimal civilized measure of life's necessities" and (2) is the result of "deliberate indifference" or reckless disregard of the risk by the official. Farmer v. Brennan, 511 U.S. 825, 834-835 (1994). Although plaintiff was not provided with a religious diet or served with food after the regular mealtimes, plaintiff was able to consume the portions of his meal which were not prohibited by his unverified religion. Plaintiff was also allowed to save his food for later consumption as long as he did not take the tray with him. Taking the facts pled by plaintiff as true, this court finds no basis that these conditions of prison life resulted in a denial of minimal necessities. Plaintiff alleges that he was forced to be selective in what he ate to keep within his religious requirements. Although the lesser amount of food that plaintiff was able to consume might have made him less full, this falls short of cruel and unusual punishment. Similarly, not having a standard mattress during plaintiff's hunger strike does not constitute sufficiently serious facts to justify a Eighth Amendment violation. Plaintiff had some other 'object' to sleep on and was told that he would get a standard mattress as soon as he stopped his hunger strike. Such occurrences do not approach the sufficiently serious standard required to state an Eighth Amendment violation. The motion to dismiss Count 3 is granted.

Defendants seek to dismiss all claims brought by plaintiff against them in their official capacity. A suit against a state official in his official capacity is effectively a suit against the state. Power v. Summers, 226 F.3d 815, 818 (7th Cir. 2000). A state is not a "person" subject to suit under 42 U.S.C. § 1983. Id. Official capacity suits against state officials which seek only prospective relief are permitted by 42 U.S.C. § 1983, Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989), and are not forbidden by the Eleventh Amendment. Ameritech Corp. v. McCann, 297 F.3d 582, 585-586 (7th Cir. 2002); See also Ex parte Young, 209 U.S. 123 (1908). A plaintiff seeking injunctive relief must show a real and immediate threat of future harm. Knox v. McGinnis, 998 F.2d 1405, 1413-1414 (7th Cir. 1993). This court is in accord with defendants that there is no continuing violation of federal law because plaintiff is no longer at Pinckneyville or Dixon Correctional Centers. Plaintiff is currently receiving his religious diet and claims only against defendants for the specific incidences that occurred at the two correctional centers. This court finds that plaintiff has not alleged any facts which would amount to a substantial likelihood of future harm. See Stewart v. McGinnis, 5 F.3d 1031, 1038-1039 (injunctive relief prayed for was directed at original institution and since prisoner was no longer there, nor was there any indication that prisoner would be sent back there, relief was denied). All claims against defendants in their official capacity are dismissed.

Defendants argue that plaintiff has failed to state a claim against individual defendants Tucker, Anderson, Mekeel, Penwarden, Humphrey, Perry and McCarty. To recover damages under 42 U.S.C. § 1983, plaintiff must establish defendants' personal responsibility for the claimed violation of his constitutional rights. Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). The requirement of personal responsibility is satisfied where the defendants acted or failed to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or where the alleged conduct occurred at the defendants' direction or consent. Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1982). Plaintiff seeks to recover damages from defendants Tucker and Anderson because they denied his grievance upon review. Defendants Tucker and Anderson are members of the Administrative Review Board who had no involvement in the allegedly unconstitutional acts. Their job was to review inmate grievances. An inmate's grievance procedure is a procedural right, not a substantive one, and does not give rise to a constitutionally protected interest. Antonelli v. Sheahan, 81 F.3d 1422, 1430-1431 (7th Cir. 1996). The alleged facts also do not show any deliberate or reckless disregard of the plaintiff's constitutional rights by defendants Tucker and Anderson. Plaintiff has not stated a claim against defendants Tucker and Anderson and they are dismissed from this suit. Defendant Mekeel (spelled "McKeel" in Plaintiff's Complaint) is identified as a Lieutenant at Dixon Correctional Center. Plaintiff states that the reason why he was not allowed to have supper that day was because he refused to accept the dinner tray. Defendant Mekeel was apparently enforcing security by ordering the plaintiff to leave the dietary after refusing to accept his dinner tray. The court cannot see how plaintiff's constitutional rights were breached when plaintiff freely admits that he was not permitted to have that meal as a result of his own actions. The court finds that plaintiff has failed to state a cause of action and defendant Mekeel is dismissed from this suit. The situation is similar for defendants Penwarden, Humphrey, Perry and McCarty who are alleged to have denied plaintiff's request to take his bath after hours. Two separate occasions on which plaintiff's request for an after hours bath was denied do not translate into a constitutional violation. Additionally, plaintiff's religion had not yet been verified and defendants Penwarden, Humphrey, Perry and McCarty cannot be expected to have accommodated every request of the prisoners upon their self-declaration of a particular religion. Defendants Penwarden, Humphrey, Perry and McCarty are dismissed from this action. For the foregoing reasons, all claims against defendants Tucker, Anderson, Mekeel, Penwarden, Humphrey, Perry and McCarty are dismissed.

Finally, defendants seek to have all claims against defendant Henry dismissed. Defendant Henry is alleged to have denied the plaintiff's request to take a few slices of bread back to his unit. Plaintiff also alleges that defendant Henry told him that he would get a religious diet and then retaliated by denying it to him when he continued to pursue his claims. As discussed above, this court finds that plaintiff has stated a cause of action in regard to his claim for retaliation by defendant Henry. However, this court finds that the allegation that defendant Henry denied plaintiff's request to carry back bread on one occasion does not state a claim of cruel and unusual punishment. Hence, defendants' motion to dismiss all claims against defendant Henry is granted for claims under Count 3 but denied for claims under Count 2.

For the foregoing reasons, the court grants defendants' motion to dismiss in part and denies it in part.